IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| LAURA PONTONES, on behalf of herself and all others similarly situated, | ) ) ) | |
| *Plaintiff,* | ) ) ) | Case No.: 5:18-CV-87 |
| v. | ) ) | Collective and Class Action |
| LOS TRES MAGUEYES, INC., AYOTLAN, INC., TEQUILA INC., ELIBORIO NAVARRO, IGNACIO NAVARRO, ADRIANA NAVARRO, FRANCISCO SANCHEZ, and JORGE MEZA, | ) ) ) ) ) | **COMPLAINT** |
| *Defendants.* | | |

COMES NOW, Laura Pontones ("Named Plaintiff"), on behalf of herself and all others similarly situated (collectively "Named and Putative Plaintiffs"), by and through undersigned counsel, and hereby sets forth this collective action for violation of the Fair Labor Standards Act under § 216(b), and representative action under the North Carolina Wage and Hour Act pursuant to Fed. R. Civ. P. 23, and alleges as follows:

## PRELIMINARY STATEMENT

1.      Named Plaintiff is a former employee of Defendants Los Tres Magueyes, Inc. ("Defendant Los Tres"), Ayotlan, Inc., Tequila Inc., Eliborio Navarro, Ignacio Navarro, Adriana Navarro, Francisco Sanchez, and Jorge Meza (collectively "Defendants"), which operate at least eight (8) restaurant locations in North Carolina and Virginia.  Named Plaintiff, on behalf of herself and all others similarly situated, brings this action against Defendants for unpaid minimum wages, unpaid overtime compensation, and related penalties and damages.

2.       It is Defendants' systemic company-wide policy and practice to compensate non-

tipped employees on a salaried basis, and willfully fail and refuse to properly pay all overtime compensation at time and one-half for all hours worked in excess of forty (40) in a week, due and owing to Named and Putative Plaintiffs, in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

3.      It is also Defendants' systemic company-wide policy and practice to willfully fail and refuse to compensate tipped employees any wages whatsoever, including for all straight time hours worked, and for hours worked in excess of forty (40) in a week at a rate of time and one-half their regular rate, due and owing to Named and Putative Plaintiffs, in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

4.      Named Plaintiff also brings this action against Defendants for invalid and/or unauthorized deductions from wages, payment of all owed and promised wages, and for other relief as appropriate, under the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1 *et seq.*

5.      Defendants' pay practices and policies are in direct violation of the FLSA and the NCWHA.  Accordingly, Named Plaintiff, on behalf of herself and all others similarly situated, seek unpaid straight-time compensation, unpaid overtime premiums for all overtime work required, suffered, or permitted by Defendants, reimbursement of unlawful deductions, liquidated damages, attorneys' fees and costs, prejudgment interest, and other damages permitted by applicable law.

## JURISDICTION AND VENUE

6.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, based upon the claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

7.      The United States District Court for the Eastern District of North Carolina has

2

jurisdiction because Defendants conduct business in Wake County, North Carolina, which is located within this District.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendants conduct business in the Eastern District of North Carolina, and the substantial part of the events or omissions giving rise to these claims occurred in this District.

9. The claims for the violations of the NCWHA are based upon the statutory law of the State of North Carolina.

10. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of operative fact as the FLSA claim.

11. All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

12. The evidence establishing liability for both causes of action will be similar and neither issue will predominate nor create confusion to a jury.

## PARTIES

13. Named Plaintiff is an adult resident of the State of North Carolina, residing at 6468 Stag Trail, Wendell, NC 27591.

14. Named Plaintiff was employed by Defendants as a non-tipped food runner at Defendants' Raleigh, NC location, from approximately July 2015 until April 28, 2016. Until November 20, 2017, Named Plaintiff was employed by Defendants as a tipped server at Defendants' Morrisville, NC location, a position she started in approximately August 2017.

15. The FLSA collective action putative/potential class members are:

    a. All current and/or former employees of Defendants who are/were hourly, salaried, or not directly compensated employees, whose primary duty is/was non-exempt

3

work, and who are/were not compensated for all of their hours worked, including minimum wage, and/or at a rate of time and one-half for hours worked above forty (40) per week, and/or who have had improper deductions taken from their tips by Defendants, at any time within the three (3) year period prior to joining this lawsuit under 29 U.S.C. § 216(b).

16.     The NCWHA class action putative/potential class members are:

a.     All current and/or former employees of Defendants in North Carolina who are/were hourly, salaried, or not directly compensated employees, whose primary duty is/was non-exempt work, and who are/were not compensated for all of their hours worked, including, but not limited to, their minimum or promised rate, and/or at a rate of time and one-half for hours worked above forty (40) per week, and/or who have had improper deductions taken from their tips by Defendants, at any time within the two (2) year period prior to the filing of this lawsuit.

17.     Defendant Los Tres is a business registered with the Secretary of State and operating in the State of North Carolina.

18.     Defendant Los Tres' principal office address is 110 SW Maynard Road, Cary, NC 27511.

19.     Upon information and belief, Defendant Los Tres owns and operates at least eight (8) restaurant locations, including in Cary, NC; Wake Forest, NC; Rolesville, NC; Fuquay-Varina, NC; Morrisville, NC; Raleigh, NC; Holly Springs, NC; and Danville, VA.

20.     Defendant Ayotlan, Inc. is a business registered with the Secretary of State and operating in the State of North Carolina.

21.     Defendant Ayotlan, Inc.'s principal office address is 10410 Moncreiffe Road, Suite

109, Raleigh, NC 27617.

22. Defendant Ayotlan, Inc. is listed on many of the W-2 forms distributed by Defendants to Named and Putative Plaintiffs, and, upon information and belief, was involved as a direct or joint employer in the determination or distribution of wages to Named and Putative Plaintiffs.

23. Defendant Tequila Inc. is a business registered with the Secretary of State and operating in the State of North Carolina.

24. Defendant Tequila Inc.'s principal office address is 412 Glen Bonnie Lane, Cary, NC 27511.

25. Defendant Tequila Inc. is listed on many checks distributed by Defendants to Named and Putative Plaintiffs, with the notation "DBA Los Tres Magueyes." Defendant Tequila Inc. is also listed on many of the W-2 forms distributed by Defendants to Named and Putative Plaintiffs, and, upon information and belief, was involved as a direct or joint employer in the determination or distribution of wages to Named and Putative Plaintiffs.

26. Defendant Eliborio Navarro is the President of Defendant Los Tres, and upon information and belief, he was actively involved in all of its business operations, including, but not limited to, overseeing wage and payroll details for Named and Putative Plaintiffs.

27. Defendant Ignacio Navarro is the Secretary of Defendant Los Tres, and the President of Defendant Tequila Inc., and upon information and belief, he was actively involved in all of their business operations, including, but not limited to, overseeing wage and payroll details for Named and Putative Plaintiffs.

28. Defendant Adriana Navarro is a manager of Defendant Los Tres, and upon information and belief, she was actively involved in all of its business operations, including, but

5

not limited to, overseeing wage and payroll details for Named and Putative Plaintiffs.

29.     Defendant Francisco Sanchez is a manager and partial owner of Defendant Los Tres, and upon information and belief, he was actively involved in all of its business operations, including, but not limited to, overseeing wage and payroll details for Named and Putative Plaintiffs.

30.     Defendant Jorge Meza is the President of Defendant Ayotlan, Inc., and upon information and belief, he was actively involved in all of its business operations, including, but not limited to, overseeing wage and payroll details for Named and Putative Plaintiffs.

31.     Upon information and belief, Defendants maintain uniform pay practices and policies at all of their restaurant locations in North Carolina and Virginia.

32.     Upon information and belief, during the time period relevant to this action, each Defendant was an employer, joint employer, or member of an integrated, common enterprise, that employed Named and Putative Plaintiffs, pursuant to the FLSA and NCWHA, in that each Defendant, or its agents, held or implemented the power, *inter alia*, to control the work performance of Named and Putative Plaintiffs, and each Defendant received the benefit of Named and Putative Plaintiffs' labor.

## COVERAGE

33.     At all times material to this action, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Named and Putative Plaintiffs.

34.     At all times material to this action, Defendants were an "employer" within the defined scope of the FLSA, 29 U.S.C. § 203(d).

35.     At all times material to this action, Named and Putative Plaintiffs were individual employees within the scope of the FLSA, 29 U.S.C. §§ 206 and 207.

6

36.     At all times material to this action, Defendants operated an enterprise engaged in related activities performed through a unified operation or common control for a common business purpose, as defined by the FLSA, 29 U.S.C. § 203(r).

37.     At all times material to this action, Defendants were an enterprise engaged in commerce or the production of goods for commerce, as defined by the FLSA, 29 U.S.C. § 203(s), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

## FACTUAL ALLEGATIONS

38.     Defendants operate restaurants whose mission is to provide food and service to the public.  Upon information and belief, Defendants operate a minimum of eight (8) restaurant locations throughout North Carolina and Virginia.

39.     Named Plaintiff was initially employed by Defendants as a non-tipped food runner at Defendants' Raleigh, NC location, from approximately July 2015 until April 28, 2016.  Named Plaintiff later resumed employment for Defendants, in approximately August 2017, working as a tipped server at Defendants' Morrisville, NC location, a position she held until November 20, 2017.

40.     While working as a food runner, from approximately July 2015 until April 28, 2016, Named Plaintiff was responsible for delivering food to guests, and facilitating communications between the kitchen and wait staff to ensure quality customer service.  Named Plaintiff did not have any authority or discretion over the hiring and firing of other employees, nor could she effectively recommend the hiring, firing, advancement, promotion or other change of

7

status of other employees.

41. While working as a food runner, from approximately July 2015 until April 28, 2016, Named Plaintiff typically worked six (6) days per week, from 10:00 a.m. until 10:00 p.m., with an unpaid two and one-half (2.5) hour break each day. Accordingly, during this period, Named Plaintiff worked approximately fifty-seven (57) hours per week.

42. While working as a server, from approximately August 2017 through the present, Named Plaintiff is responsible for interacting with customers, taking orders, ensuring that food is prepared consistently with customers' requests, busing tables, wrapping and setting silverware, and occasional maintenance tasks. Named Plaintiff did not have any authority or discretion over the hiring and firing of other employees, nor could she effectively recommend the hiring, firing, advancement, promotion or other change of status of other employees.

43. While working as a server, from approximately August 2017 through November 20, 2017, Named Plaintiff typically worked between five (5) to six (6) days per week, Monday through Friday from 10:00 a.m. until 2:00 p.m. with no breaks, and Sunday from 5:00 p.m. to 10:00 p.m. with no breaks. Named Plaintiff was occasionally required to stay until 4:30 p.m. on Mondays, Wednesdays, and Fridays. Accordingly, during this period, Named Plaintiff worked approximately twenty (20) to thirty-two and one-half (32.5) hours per week.

44. In each of Named Plaintiff's positions, her primary duties did not include management of the business or any subdivision thereof. She did not evaluate or discipline other employees, set their hours of work or rates of pay, or direct their work. Named Plaintiff did not have the authority to discipline anyone for coming in late, leaving early, or for misbehavior while on the job. Further, Named Plaintiff did not direct the work of two or more full-time employees and always reported directly to Defendants' management, who had supervising authority over

8

everyone, including Named Plaintiff.

45.      Defendants, in their sole discretion, controlled Named Plaintiff's work schedule and rate of pay.

46.      While working as a food runner, from approximately July 2015 until April 28, 2016, Named Plaintiff received a bi-weekly salary of $900, paid in cash, regardless of the amount of overtime hours that she worked.  Defendants did not pay her overtime wages at time and one-half for hours worked in excess of forty (40) in any workweek.

47.      While working as a food runner, Defendants also deducted $100 from Named Plaintiff's paycheck if and when she missed a day of work or was late to work.

48.      Upon information and belief, all non-exempt, hourly or salaried employees of Defendants, who were not servers, were similarly paid a non-fixed salary, with no premium overtime wages paid for hours worked in excess of forty (40) in any workweek.

49.      While working as a server, from approximately August 2017 through November 20, 2017, Named Plaintiff received no direct wages from Defendants whatsoever.  Named Plaintiff worked exclusively for tips.

50.      While working as a server, from approximately August 2017 through November 20, 2017, Defendants also required that Named Plaintiff remit a portion of her tips each day to Defendants.  If Named Plaintiff did not earn any tips, or did not earn enough tips to satisfy the amount required of her, Named Plaintiff was obligated to pay Defendants using her personal funds.

51.      Upon information and belief, all non-exempt, tipped employees were similarly not paid any direct wages by Defendants, and were required to remit a portion of their earned tips or, in instances where they do not earn sufficient tips, a portion of their personal money, to Defendants.  As a result, Named and Putative Plaintiffs received zero dollars per hour in wages,

and were subject to daily deductions from their tipped earnings or their personal funds.

52.     Upon information and belief, Defendants did not operate a tip pool, with which it redistributed Named and Putative Plaintiffs' mandatory deductions among customarily tipped employees.  Instead, Defendants used tips earned and funds belonging to Named and Putative Plaintiffs to offset its ordinary business expenses.

53.     Defendants have violated the statutory rights of Named and Putative Plaintiffs, under both the FLSA and the NCWHA, which resulted in damages to Named and Putative Plaintiffs in the form of unpaid straight-time compensation, unpaid overtime premiums for all overtime work required, suffered, or permitted by Defendants, unlawful deductions, liquidated damages, attorneys' fees and costs, prejudgment interest, and other damages permitted by applicable law.

54.     Defendants have willfully violated the statutory rights of Named and Putative Plaintiffs, under the FLSA and NCWHA, entitling Named and Putative Plaintiffs to an additional amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and N.C. Gen. Stat. §§ 95-25.22(a)(1) and (d), for prejudgment interest and an award of attorneys' fees and costs.

55.     Defendants knowingly, willfully, or with reckless disregard carried out an illegal pattern or practice of failing to pay Named Plaintiff and those similarly situated straight-time wages, overtime compensation, and for all hours worked pursuant to the FLSA and the NCWHA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

56.     Named Plaintiff brings the First Count of the instant Complaint as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of herself and all similarly situated employees.

57.     Similarly situated employees, for purposes of the FLSA collective action claim, include:

10

a.  All current and/or former employees of Defendants who are/were hourly, salaried, or not directly compensated employees, whose primary duty is/was non-exempt work, and who are/were not paid for all of their hours worked, including minimum wage, and/or at a rate of time and one-half for hours worked above forty (40) per week, and/or who have had improper deductions taken from their tips by Defendants, at any time within the three (3) year period prior to joining this lawsuit under 29 U.S.C. § 216(b).

58.     Putative Plaintiffs are current and/or former employees of Defendants who have been subject to the same alleged unlawful practices, and therefore, are similarly situated to Named Plaintiff.  The members of the collective action, like Named Plaintiff, were employed as non-exempt employees, including, but not limited to, cooks, hosts/hostesses, food runners, kitchen helpers, servers, and dish washers, and were subject to the same or similar pay practices.  These Putative Plaintiffs, like Named Plaintiff, were not paid at the legally required minimum wage and/or overtime rate of time and one-half for hours worked over forty (40) in a single workweek, and/or had improper deductions taken from their tips.  Named and Putative Plaintiffs should therefore be permitted to pursue their claims collectively, pursuant to 29 U.S.C. § 216(b).

59.     Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Named and Putative Plaintiffs.

60.     Named Plaintiff requests that she be permitted to serve as representative of those who consent to participate in this action, and that this action be conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b).

61.     Pursuant to 29 U.S.C. § 216(b), attached to and filed with the instant Complaint as Exhibit A, is a Consent to File Suit as Plaintiff executed by Named Plaintiff

## NCWHA CLASS ACTION ALLEGATIONS

62.     Named Plaintiff brings the Second Count of the instant Complaint as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of herself and all similarly situated employees, for relief to redress and remedy Defendants' violations of the NCWHA, N.C. Gen. Stat. § 95-25.1, *et seq.*

63.     Pursuit of this action as a class will provide the most efficient mechanism for adjudicating the claims of Named and Putative Plaintiffs.

64.     Named Plaintiff and members of the proposed class assert that Defendants violated the NCWHA by failing to pay its employees straight-time wages, and/or overtime wages of one and one-half times their regular rate of pay, which are part of the employees' accrued, earned, and promised wages, and should have been paid when due on the employees' regular payday; this requirement is not covered by the minimum wage or overtime provisions of the FLSA.  Defendants also violated the NCWHA by subjecting Named Plaintiff and members of the proposed class to unlawful deductions.

65.     The Proposed Class:  Similarly situated employees, for purposes of the NCWHA class action claim, include:

      a.   All current and/or former employees of Defendants in North Carolina who are/were hourly, salaried, or not directly compensated employees, whose primary duty is/was non-exempt work, and who are/were not compensated for all of their hours worked, including, but not limited to, their minimum or promised rate, and/or at a rate of time and one-half for hours worked above forty (40) per week, and/or who have had improper deductions taken from their tips by Defendants, at any time within the two (2) year period prior to the filing of this lawsuit.

66.     Numerosity:  The proposed class is so numerous that the joinder of all such persons

is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the exact number of class members is unknown to Named Plaintiff at this time, upon information and belief, the class comprises at least one-hundred (100) persons.

67.    <u>Common Questions Predominate</u>: There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class, and these common questions of law and fact predominate over any questions affecting members of the proposed class individually, in that Named Plaintiff and all members of the proposed class have been harmed by Defendants' failure to pay earned wages and unlawful deductions. The common questions of law and fact include, but are not limited to, the following:

a.    Whether Defendants failed to pay Named and Putative Plaintiffs all of their earned and accrued wages, including, but not limited to, any straight-time or overtime wages, on their regular pay date, pursuant to N.C. Gen. Stat. § 95.25.6;

b.    Whether Defendants compensated Named and Putative Plaintiffs for all of their hours worked; and

c.    Whether Defendants lawfully deducted from Named and Putative Plaintiffs' wages, in accordance with N.C. Gen. Stat. § 95-25.8 and 13 N.C. Admin. Code 12 § .0305(g).

68.    <u>Typicality</u>: The claims of Named Plaintiff are typical of the claims of each proposed class member, and the relief sought is typical of the relief which would be sought by each member of the class in separate actions. All putative class members were subject to the same compensation practices of Defendants, as alleged herein, of failing to pay employees all of their earned and accrued wages pursuant to N.C. Gen. Stat. § 95-25.6, and subjecting tipped employees to unlawful deductions. Defendants' compensation policies and practices affected all putative class members

13

similarly.  Named Plaintiff and members of the proposed class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

69.    <u>Adequacy of Representation</u>: Named Plaintiff is able to fairly and adequately protect the interests of all members of the proposed class, and there are no known conflicts of interest between Named Plaintiff and members of the proposed class.  Named Plaintiff has retained counsel who is experienced and competent in both wage and hour law and complex class action litigation.

70.    <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender.  Because the losses, injuries and damages suffered by each of the individual class members may be small for some in the sense pertinent to the class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially greater than if the claims are treated as a class action.  Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendants, and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they are not parties.  The issue in this action can be decided by means of common, class-wide

proof.  In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

71.     <u>Public Policy Considerations</u>: Defendants violated the NCWHA.  Just as current employees are often afraid to assert their rights out of fear of direct or indirect retaliation, former employees may also be fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class action lawsuits provide class members who are not named in the Complaint a degree of anonymity, which allows for vindication of their rights while eliminating or reducing these risks.

## COUNT ONE
### (Violations of the Fair Labor Standards Act)

72.     Named Plaintiff incorporates by reference all preceding paragraphs as if the same were set forth again fully at this point.

73.     Named Plaintiff and those similarly situated are or were employed by Defendants on an hourly or salaried basis, or were not paid any direct wages and were compensated only with tips, to perform restaurant labor and/or other duties that do not satisfy the tests for exempt positions under the FLSA.

74.     Pursuant to the FLSA, 29 U.S.C. § 207, an employer must pay non-exempt employees at time and one-half their regular hourly rate for all hours worked over forty (40) in a single workweek.

75.     Named and Putative Plaintiffs typically worked greater than forty (40) hours per week.

76.     Named and Putative Plaintiffs did not receive any overtime premiums for overtime hours worked, as required under the FLSA.

77.     Pursuant to the FLSA, 29 U.S.C. § 206, employers must pay non-exempt employees

15

a minimum wage of $7.25 per hour for all hours worked.

78.     The FLSA, 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59, provides an exception to the aforementioned minimum wage rate of $7.25 per hour, allowing certain employers to take a "tip credit," and count tips received by eligible employees toward the employer's minimum wage obligations, with a maximum credit claimed for each employee of $5.12 per hour.

79.     Named and Putative Plaintiffs, who were working in tipped positions as servers, did not receive any direct wages from Defendant, including the minimum wage or the minimum wage minus the permissible tip credit, as required under the FLSA.

80.     Upon information and belief, Defendants knowingly and willfully failed to pay Named and Putative Plaintiffs any direct wages, and/or overtime wages, in violation of the FLSA.

81.     The foregoing conduct, as alleged above, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

82.     As set forth above, Named Plaintiff, and those similarly situated, have sustained losses in their compensation, a proximate result of Defendants' violations.  Accordingly, Named Plaintiff, on behalf of herself and all other current and/or former employees similarly situated, seeks damages in the amount of their respective unpaid straight-time wages, overtime compensation, and liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

83.     Named Plaintiff, on behalf of herself and all current and/or former employees similarly situated, seeks recovery of her attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## COUNT TWO
### (Violations of the North Carolina Wage and Hour Act)

84.     Named Plaintiff incorporates by reference all preceding paragraphs as if the same

were set forth again fully at this point.

85.     The class period for this cause of action is at least two years from the date of the filing of this Complaint.

86.     It is unlawful under North Carolina law for an employer to "suffer or permit" an employee to work without paying promised and earned wages for all hours worked, pursuant to N.C. Gen. Stat. § 95-25.6.

87.     Pursuant to the NCWHA, N.C. Gen. Stat. § 95-25.6, Defendants were required to pay Named and Putative Plaintiffs all lawful wages, when due, for all hours of work, on their regular pay date.  This requirement is not covered by the minimum wage or overtime provisions under the FLSA.

88.     Defendants intentionally refused to pay all wages due as set forth in the preceding paragraphs of this Complaint to Named Plaintiff and proposed class members, in violation of the NCWHA.

89.     Pursuant to the NCWHA, N.C. Gen. Stat. § 95-25.8(a)(3), an employer may only withhold or divert any portion of an employee's wages, "when the amount of the proposed deduction is not known and agreed upon in advance," after meeting several requirements, including, but not limited to: (1) receiving written authorization from each employee; (2) providing the reason for each deduction; (3) providing advance written notice of the actual amount to be deducted; and (4) providing written notice to employees of their right to withdraw authorization.

90.     Defendant violated N.C. Gen. Stat. § 95-25.8(a)(3) by not receiving sufficient authorization from Named and Putative Plaintiffs, including, but not limited to, failing to provide advance written notice of the actual amount to be deducted, or failure to provide written notice of employees' right to withdraw authorization

17

91.     As set forth above, under the NCWHA, Named Plaintiff and members of the proposed class have sustained losses and lost compensation as a proximate result of Defendants' violations.  Accordingly, Named Plaintiff, on behalf of herself and all those similarly situated, seeks damages in the amount of their unpaid earned compensation, unlawful deductions, liquidated damages, and prejudgment interest at the legal rate set forth under N.C. Gen. Stat. § 95-25.22.

92.     Named Plaintiff, on behalf of herself and all those similarly situated, also seeks recovery of her attorneys' fees and costs, as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22(d).

## **PRAYER FOR RELIEF**

WHEREFORE, Named Plaintiff and all those similarly situated, collectively pray that this Honorable Court:

1.     Issue an Order certifying this action as a collective action under the FLSA, and designate Named Plaintiff as a representative of all those similarly situated under the FLSA collective action;

2.     Issue an Order certifying this action as a class action under the NCWHA, and designate Named Plaintiff as a representative on behalf of all those similarly situated of the NCWHA classes;

3.     Award Named Plaintiff and all those similarly situated actual damages for unpaid wages and liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiff and the class as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22(a1) and pursuant to the FLSA, 29 U.S.C. § 216(b);

4.     Award Named Plaintiff and all those similarly situated pre- and post- judgment interest at the statutory rate, as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22(a), and

18

pursuant to the FLSA, 29 U.S.C. § 216(b);

     5.    Award Named Plaintiff and all those similarly situated attorneys' fees, costs, and disbursements, as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22(d), and pursuant to the FLSA, 29 U.S.C. § 216(b); and

     6.    Award Named Plaintiff and all those similarly situated further legal equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Named Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this, March 1, 2018.

/s/ Gilda A. Hernandez
Gilda A. Hernandez (NCSB No. 36812)
Michael B. Cohen (NCSB No. 50629)
**THE LAW OFFICES OF GILDA A.
HERNANDEZ, PLLC**
1020 Southhill Dr., Ste. 130
Cary, NC 27513
Tel: (919) 741-8693
Fax: (919) 869-1853
ghernandez@gildahernandezlaw.com
mcohen@gildahernandezlaw.com

*Attorneys for Plaintiff*